FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 21 2016   ★

LONG ISLAND OFFICE

**REITER v. MAXI-AIDS, INC., CV 14-3712**

### VERDICT SHEET

**PART I: Retaliaion Claim under the Family Medical Leave Act (FMLA)**

1. Has Plaintiff proven by a preponderance of the evidence that he exercised or attempted to exercise rights protected under the FMLA?

    YES _____    NO \_\_\_\_\_X_____

    **If you answered "Yes" to Question 1, proceed to Question 2.**
    **If you answered "No" to Question 1, proceed to Part II, Question 4.**

2. Has Plaintiff proven by a preponderance of the evidence that his exercise or attempt to exercise rights protected under the FMLA was a motivating factor in the defendant's decision to discharge him?

    YES _____    NO _____

    **If you answered "Yes" to Question 2, proceed to Question 3.**
    **If you answered "No" to Question 2, proceed to Part II, Question 4.**

3. Has Plaintiff proven by a preponderance of the evidence that Defendant's violation of the FMLA was willful?

    YES _____    NO _____

    **Proceed to Part II, Question 4.**


COURT EXHIBIT 4
14-CV-3712

## PART II: Discrimination Claim under the Americans with Disabilities Act (ADA)

4. Has Plaintiff proven by a preponderance of the evidence that, as defined by the ADA, he was disabled or perceived to be disabled, by his employer?

    YES _____    NO \_\_\_\_X_____

    **If you answered "Yes" to Question 4, proceed to Question 5.**
    **If you answered "No" to Question 4, proceed to Part III, Question 9.**

5. Has Plaintiff proven by a preponderance of the evidence that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation?

    YES _____    NO _____

    **If you answered "Yes" to Question 5, proceed to Question 6.**
    **If you answered "No" to Question 5, proceed to Part III, Question 9.**

6. Has Plaintiff proven by a preponderance of the evidence that he was denied health care benefits?

    YES _____    NO _____

    **If you answered "Yes" to Question 6, proceed to Question 7.**
    **If you answered "No" to Question 6, SKIP to Question 8.**

7. Has Plaintiff proven by a preponderance of the evidence that his disability or perceived disability was a motivating factor in the Defendant's decision to deny him health care benefits?

    YES _____    NO _____

    **Proceed to Question 8.**

8. Has Plaintiff proven by a preponderance of the evidence that his disability or perceived disability was a motivating factor in the Defendant's decision to discharge him from employment?

    YES _____    NO _____

    **Proceed to Part III, Question 9.**

## PART III: Discrimination Claim under the New York State Human Rights Law (NYSHRL)

9. Has Plaintiff proven by a preponderance of the evidence that, as defined by the NYSHRL, he was disabled or perceived to be disabled by his employer?

   YES __✗__     NO _____

   **If you answered "Yes" to Question 9, proceed to Question 10.**
   **If you answered "No" to Question 9, proceed to Part IV, Question 14.**

10. Has Plaintiff proven by a preponderance of the evidence that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation?

    YES __✗__     NO _____

    **If you answered "Yes" to Question 10, proceed to Question 11.**
    **If you answered "No" to Question 10, proceed to Part IV, Question 14.**

11. Has Plaintiff proven by a preponderance of the evidence that he was denied health care benefits?

    YES _____     NO __✗__

    **If you answered "Yes" to Question 11, proceed to Question 12.**
    **If you answered "No" to Question 11, SKIP to Question 13.**

12. Has Plaintiff proven by a preponderance of the evidence that his disability or perceived disability was a motivating factor in the decision by both or either Defendant to deny him health care benefits?

    Defendant Maxi-Aids:   YES _____     NO _____

    Defendant Zaretsky:    YES _____     NO _____

    **Proceed to Question 13.**

13. Has Plaintiff proven by a preponderance of the evidence that his disability or perceived disability was a motivating factor in the decision by both or either Defendant to discharge him from employment?

    Defendant Maxi-Aids:  YES __✗__      NO _____

    Defendant Zaretsky:   YES __✗__      NO _____

**Proceed to Part IV, Question 14.**

### PART IV: Associational Discrimination Claim under ADA

14. Has Plaintiff proven by a preponderance of the evidence that he was qualified for the job at the time of his discharge from employment?

    YES __✗__     NO _____

    **If you answered "Yes" to Question 14, proceed to Question 15.**
    **If you answered "No" to Question 14, proceed to Part V, Question 18.**

15. Has Plaintiff proven by a preponderance of the evidence that Defendant Maxi-Aids, at the time of Plaintiff's discharge, knew that Plaintiff had a daughter with a disability?

    YES __✗__     NO _____

    **If you answered "Yes" to Question 15, proceed to Question 16.**
    **If you answered "No" to Question 15, proceed to Part V, Question 18.**

16. Has Plaintiff proven by a preponderance of the evidence that Maxi-Aids either (a) believed, rightly or wrongly, that covering plaintiff's daughter through its health insurance policy would be expensive, or (b) feared that plaintiff would be distracted or inattentive at work due to his daughter's disability?

    YES __✗__     NO _____

    **If you answered "Yes" to Question 16, proceed to Question 17.**
    **If you answered "No" to Question 16, proceed to Part V, Question 18.**

17. Has Plaintiff proven by a preponderance of the evidence that his association with his daughter was a determining factor in the Defendant's decision to discharge him from employment?

    YES __✗__     NO _____

    **Proceed to Part V, Question 18.**

-5-

## PART V: Retaliation Claims under the ADA and NYSRHL

18. Has Plaintiff proven by a preponderance of the evidence that he engaged in protected activity?

    YES __✗__   NO _____

    **If you answered "Yes" to Question 18, proceed to Question 19**
    **If you answered "No" to Question 18, to Part VI.**

19. Has Plaintiff proven by a preponderance of the evidence that his employer was aware of this protected activity?

    YES __✗__   NO _____

    **If you answered "Yes" to Question 19, proceed to Question 20**
    **If you answered "No" to Question 19, proceed to Part VI.**

20. Has Plaintiff proven by a preponderance of the evidence that his protected activity was the critical factor in the decision by both or either Defendant to discharge Plaintiff?

    Defendant Maxi-Aids:  YES _____    NO __✗__

    Defendant Zaretsky:   YES _____    NO __✗__

    **Proceed to Part VI.**

## PART VI: DAMAGES

You are to consider Plaintiff's request for damages ONLY if you answered "Yes" to any part of Questions 7, 8, 12, 13, 17 or 20.

If you answered "No" to ALL of Questions 7, 8, 12, 13, 17 and 20, you are finished.

21. Answer (a), OR (a) AND (c), OR (b).

    Do **not** answer (b) if you answered a dollar amount in response to (a) or (c)

    (a) Compensatory Damages:     $ 0.00

    (b) Nominal Damages:          $ _____

    (c) Punitive Damages:

    If you answered "Yes" to Question 7, 8, 17, and/or 20, has Plaintiff proven that Defendant Maxi-Aids' conduct was malicious or in reckless disregard of Plaintiff's rights?

    YES __X__     NO _____

    If YES, proceed to determine an amount.

    If NO, you are finished.

    $ 400,000.00

YOU ARE FINISHED. RETURN TO THE COURTROOM.

_____
Foreperson